**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Walter Jackson, | ) | CASE NO.   1:15 CR 258 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 22). For the reasons that follow, Petitioner's motion is DENIED with respect to Claims One and Two in the petition. As to Claim Three, ineffective assistance of counsel, the Court will hold an evidentiary hearing before issuing a decision.

**FACTS**

On February 4, 2013, Petitioner Walter Jackson recruited Felicia Russell to purchase a Cobra, Model CA380 pistol and ammunition for him. (Doc 15 at 55, 57). Petitioner was ineligible to possess a firearm because of his prior criminal history. On January 15, 2014, local

1

law enforcement responded to an anonymous tip that a suspected burglar was sitting in a parked vehicle with his lights off on West 10th Street. The officers approached the vehicle and asked the suspected burglar, later identified as Petitioner, to exit the vehicle. Upon patting Petitioner down, one of the officers felt a handgun in Petitioner's pocket. (*Id.*) The officers retrieved the loaded gun, which was the pistol that Russell had purchased for Petitioner earlier. (*Id.*) Upon an inventory search of the vehicle, the officers found "several items indicative of car theft and burglaries." (*Id.* at 58).

State prosecutors prosecuted Petitioner for having a weapon under disability, in violation of Ohio Rev. Code § 2923.13. (*Id.* at 66). Federal agents later traced the purchase of the firearm and interviewed Russell. Russell admitted her conduct and was prosecuted for being a straw purchaser of the firearm. Thereafter, on July 1, 2015, a federal Grand Jury issued an indictment charging Petitioner with aiding and abetting the acquisition of a firearm through false statements, in violation of 18 U.S.C. § 922(a)(6) and 2.

Petitioner pled guilty on January 14, 2016. Pretrial Services interviewed him in preparation for the Presentence Report. During the interview, Petitioner stated, "Although I pled guilty to having a weapon while under disability for possession of this gun a few years ago I understand that I also committed a federal crime and I deeply regret it." (*Id.* at 58). This Court sentenced Petitioner to 51-months imprisonment, the lowest sentence within the advisory Guidelines range. (*Id.* at 73). Petitioner did not file an appeal, either pro se or through counsel. Petitioner then filed the current motion on October 5, 2016. The Government opposes the motion.

**STANDARD**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

**ANALYSIS**

Petitioner raises three claims for relief:

(1) The Petitioner's 10th Amendment rights were violated when he was prosecuted for a crime that State had already remedied.
(2) Petitioner's Fifth Amendment rights were violated with a double jeopardy punishment for the same criminal act.
(3) Petitioner was denied effective assistance of counsel when [counsel] refused to file an appeal.

(Doc. 22 at 4-6).

A. Claim One

In Claim One, Petitioner argues that his federal prosecution under 18 U.S.C. § 922 violates the Tenth Amendment because the "laws of the State of Ohio...are sufficient to prosecute Petitioner." (Doc. 22-1 at 8). This claim fails because of the dual-sovereignty doctrine. Under this doctrine, "a single act gives rise to distinct offenses—and thus may subject a person to successive prosecutions—if it violates the laws of separate sovereigns." *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1867, 195 L. Ed. 2d 179 (2016). As the Supreme Court noted in

*Sanchez Valle*, "[W]hen the same act transgresses the laws of two sovereigns, it cannot be truly averred that the offender has been twice punished for the same offence; but only that by one act he has committed two offences." *Id.* (quoting *Heath v. Alabama*, 474 U.S. 82, 88, 106 S. Ct. 433 (1985)). Because the states are separate sovereigns from the federal government, state and federal governments may prosecute identical criminal conduct through equivalent criminal laws without running afoul of the Constitution. *Id.* at 1871 (citing *Abbate v. United States*, 359 U.S. 187, 195, 79 S. Ct. 666 (1959); *Bartkus v. Illinois*, 359 U.S. 121, 132-37, 79 S. Ct. 676 (1959); *Heath*, 474 U.S. at 88, 106 S. Ct. 433).

    B. <u>Claim Two</u>

Next, Petitioner claims that his federal prosecution under 18 U.S.C. § 922 violates the Double Jeopardy Clause of the Fifth Amendment because it was for the same offense as his state-court conviction for having a weapon under a disability under Ohio Rev. Code § 2923.13. The Double Jeopardy Clause prohibits a person from being prosecuted twice for the same offense. *Sanchez Valle*, 136 S. Ct. at 1867, 195 L. Ed. 179 (quoting U.S. Const., Amdt. 5 ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb")). The dual-sovereignty doctrine, however, is a "carve-out from the Double Jeopardy Clause." *Id.* at 1870. Thus, when a single act violates the laws of separate sovereigns, successive prosecutions for that act do not violate the Clause. *Id.* Because Ohio is a separate sovereign from the federal government, Petitioner's federal conviction does not violate the Double Jeopardy clause.

Moreover, as the government points out, the federal crime of aiding and abetting the straw purchase of a firearm is not the same as the Ohio crime of possessing a weapon while

under disability. To determine whether two crimes constitute one offense for purposes of the Double Jeopardy Clause, the test to be applied "is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180 (1932). Ohio Revised Code § 2923.13 states that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if… the person is under indictment for or has been convicted of any felony offense of violence." O.R.C. § 2923.13. The federal statute under which Petitioner was convicted, 18 U.S.C. §§ 922(a)(6), states: "It is unlawful for … for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition." *See also* 18 U.S.C. § 2 ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). Under the *Blockberger* test, the federal crime for which petitioner was prosecuted requires proof of facts that were not required for his state-court prosecution. Indeed, while both crimes relate to firearms, the crimes do not have *any* element in common.

For these reasons, Claim Two is dismissed.

3. Claim Three

In Claim Three, Petitioner asserts that his counsel was ineffective when he disregarded Petitioner's instructions to file an appeal of his § 922 conviction. According to Petitioner, he expressly told his counsel to file an appeal and counsel "assured ...[Petitioner that] the filing of

the notice of appeal would be forthcoming." (Doc. 22-1 at 14).[1] Counsel, however, never filed an appeal. Petitioner further states that he attempted to contact counsel on numerous occasions after his conviction but counsel ignored these attempts.

To establish an ineffective assistance of counsel claim, a petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The prejudice prong requires the petitioner to show more than some conceivable effect on the judgment. *Id.* at 693. Rather, to prove that counsel's performance was prejudicial, there must be "a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694.

The Sixth Circuit's decision in *Campbell v. U.S.*, 686 F.3d 353 (6th Cir. 2012), is directly on point here. In *Campbell*, the petitioner claimed in a § 2255 motion that he had expressly instructed his counsel to file an appeal of his conviction and sentence, but counsel did not do so. *Id.* at 355. The district court denied Campbell's motion without holding an evidentiary hearing to determine if Campbell did, in fact, unequivocally instruct his attorney to file an appeal on his behalf. *Id.* The Sixth Circuit reversed, holding that "an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Id.* at 360 (noting

---

[1] Petitioner filed his petition under penalty of perjury in accordance with 28 U.S.C. § 1746. (Doc. 22-1 at 16).

that this is true even when a defendant waives all or most of his right to appeal). There was nothing in the record contradicting Campbell's assertion that he had asked counsel to file an appeal. But because the government had not conceded the point, the court held that the appropriate remedy was to remand the case so that the district court could conduct an evidentiary hearing to determine if Campbell, in fact, expressed the desire to appeal. *Id.*

Similarly, the government here presents no evidence that contradicts Petitioner's assertion that he instructed his counsel to file an appeal, but it does not concede the point either. Thus, according to *Campbell*, the Court must hold an evidentiary hearing to determine the validity of Petitioner's claim.

**CONCLUSION**

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED with respect to Claims One and Two. The Court will hold an evidentiary hearing on Claim Three on the limited question of whether petitioner's trial counsel ignored an instruction from him to file a notice of appeal from this Court's judgment. Because Petitioner is entitled to an evidentiary hearing, the Court must appoint counsel to represent him at the hearing. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. The Court appoints the Federal Public Defender as counsel for petitioner. A hearing will be set forthwith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
Dated: 1/12/17      United States District Judge